United States District Court
District of Massachusetts

| | |
|---|---|
| Lakeatha Lanier, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. |
| ) | 21-10692-NMG |
| PHH Mortgage Corporation ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM & ORDER**

**GORTON, J.**

Plaintiff Lakeatha Lanier ("Lanier" or "plaintiff") brings this action against PHH Mortgage Corporation ("PHH") and U.S. Bank National Association ("U.S. Bank") (collectively, with PHH, "defendants") seeking judgment to forestall foreclosure proceedings with respect to property located at 42 Plain Avenue in Stoughton, Massachusetts ("the Property"). Lanier argues that defendants have failed to comply with the terms of her mortgage on the Property and the requirements of Massachusetts law.

Pending before the Court are cross-motions for summary judgment.

## I. Background

Lanier is a Massachusetts resident who lives at the Property. In April, 2006, the Property was conveyed to Lanier and a quitclaim deed transferring ownership of the Property was recorded shortly thereafter. Lanier executed a promissory note ("the Note") in the amount of $388,000 to secure a mortgage on the Property ("the Mortgage") (together, with the Note, "the Loan") in May, 2006. The Mortgage was originally held by Mortgage Electronic Registration Systems, Inc. but was subsequently assigned to Option One Mortgage Corporation in May, 2006, and again, in May, 2012, to U.S. Bank. Paragraph 22 of the Mortgage sets forth the procedural requirements for acceleration, including notice, in the case of default.

Lanier has failed to make any payment on her mortgage since November, 2015.

In December, 2018, PHH, the loan servicer for U.S. Bank, sent Lanier a notice on behalf of U.S. Bank entitled "90-Day Right to Cure Your Mortgage Default." That communication stated, in part, that Lanier was required to pay the past-due amount of $72,369 on or before March 24, 2019 and listed each of the loan payments that Lanier had failed to make. The notice further provided: "If your payment is not accepted or your payment is for less than the total amount due (which we may

accept without waiving any of our rights), this matter will not be resolved."

In October, 2019, PHH's foreclosure counsel, Orlans P.C. ("Orlans"), sent Lanier another notice informing her that Orlans had been retained to represent PHH. The communication advised Lanier that her Loan was in default and had been accelerated, though it is not clear from the record whether it was the first document informing Lanier of such acceleration. The notice also stated:

> You may have the right to reinstate the Mortgage Loan by paying all past due installments, late charges, delinquent taxes, insurance premiums, and costs and fees incurred in the foreclosure.

Attached to the communication was a document entitled, "Notice of Debt Pursuant to 15 U.S.C. § 1692", which listed the total amount owed as $831,952.

Despite those notices, Lanier has made no payments and no foreclosure sale has been conducted to date.

In March, 2021, plaintiff filed a complaint against defendants in Massachusetts Superior Court for Norfolk County asserting that the notices described supra failed to comply strictly with the terms of her Mortgage and Massachusetts law. Lanier seeks damages, in addition to declaratory judgment that, inter alia, any subsequent foreclosure on the Property is null and void. Defendants timely removed the case to this Court.

## II. Motion for Summary Judgment

### A. Legal Standard

The role of summary judgment is "to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." Mesnick v. Gen. Elec. Co., 950 F.2d 816, 822 (1st Cir. 1991) (quoting Garside v. Osco Drug, Inc., 895 F.2d 46, 50 (1st Cir. 1990)).  The burden is on the moving party to show, through pleadings, discovery and affidavits, "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

A fact is material if it "might affect the outcome of the suit under the governing law...." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A genuine issue of material fact exists where the evidence with respect to the material fact in dispute "is such that a reasonable jury could return a verdict for the nonmoving party." Id.

If the moving party satisfies its burden, the burden shifts to the nonmoving party to set forth specific facts showing that there is a genuine, triable issue. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).  The Court must view the entire record in the light most favorable to the non-moving party and make all reasonable inferences in that party's favor. O'Connor v.

Steeves, 994 F.2d 905, 907 (1st Cir. 1993).  Summary judgment is appropriate if, after viewing the record in the non-moving party's favor, the Court determines that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law. Celotex Corp., 477 U.S. at 322-23.

### B. Application

Lanier asserts that the motion of defendants for summary judgment must be denied and her cross-motion for summary judgment allowed because the two notices at issue here—the first from PHH and the second from Orlans—failed to comply with the holding of the Massachusetts Supreme Judicial Court ("the SJC") in Pinti v. Emigrant Mortg. Co., 33 N.E.3d 1213 (Mass. 2015).  In that case, the SJC held that the failure of defendant mortgagee to send plaintiff mortgagor a notice of default strictly compliant with the relevant mortgage provisions rendered the subsequent foreclosure void. Federal Nat'l Mortg. Ass'n v. Marroquin, 74 N.E.3d 592, 593 (Mass. 2017) (citing Pinti, 33 N.E.3d at 1214).  Because, according to Lanier, the relevant notices were not in "strict compliance" with the acceleration provisions in paragraph 22 of the Mortgage, any resulting foreclosure is invalid. Pinti, 33 N.E.3d at 1221.

The problem with plaintiff's reasoning is the same as that referred to by this Court in its recent ruling in Giannasca v.

PHH Mortg. Corp., No. CV 21-11741-NMG, 2022 WL 2833953, at *3 (D. Mass. July 20, 2022). In that case, just as here, the plaintiff, represented by the same attorney as Lanier, sought to expand the scope of the strict compliance requirement. In Pinti, the SJC made clear, however, that

> the mortgage terms requiring strict compliance are limited to (1) terms directly concerned with the foreclosure sale authorized by the power of sale in the mortgage, and (2) those prescribing actions the mortgagee must take in connection with the foreclosure sale—whether before or after the sale takes place.

Pinti, 33 N.E.3d at 1221. Neither of the two notices at issue here fall within those limits.

The first communication at issue, entitled "90-Day Right to Cure Your Mortgage Default," was sent pursuant to M.G.L. c. 244, § 35A and concerns neither the power of sale nor any action that must be taken in connection with foreclosure. As such, and based upon the reasoning articulated in Giannasca, at *3, strict compliance was not required. See U.S. Nat'l Bank Ass'n v. Schumacher, 5 N.E.3d 882, 884 (2014) (finding that pre-foreclosure notice sent pursuant to § 35A did not require strict compliance). The contention that the letter is a "hybrid" notice, i.e. a notice sent to fulfill the mortgagee's obligations under both § 35A and paragraph 22 of the Mortgage, is unavailing because the notice makes no reference to acceleration nor informs Lanier that payment of past-due

amounts, rather than the entirety of the loan, is owed. See Thompson v. JPMorgan Chase Bank, N.A., 158 N.E.3d 35, 41 n.7 (2020) (distinguishing standards of compliance imposed by paragraph 22 and § 35A).

Nor is the second communication, the notice from Orlans, subject to that particular requirement. There is no evidence to suggest that the letter was an acceleration notice pursuant to paragraph 22 of the Mortgage and, to the contrary, the notice refers to 15 U.S.C. § 1692, which is designed, not to govern foreclosure proceedings, but rather

> to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

15 U.S.C. § 1692(e). Thus, as with the prior notice, the communication from Orlans does not concern the power of sale or prescribe any action that must be taken in connection with foreclosure but rather seeks to notify Lanier of the outstanding debt and to collect on the debt without resorting to foreclosure. That communication, therefore, is not subject to the requirements of Pinti.

In sum, the requirement of strict compliance is inapplicable to the communications with which plaintiff takes

issue and, thus, the premise of this litigation is without merit.

### ORDER

For the foregoing reasons, the motion of plaintiff for summary judgment (Docket No. 33) is **DENIED** and the motion of defendants for summary judgment (Docket No. 37) is **ALLOWED**.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated August 3, 2022