United States District Court
District of Massachusetts

```
_____
                                )
Lakeatha Lanier,                )
                                )
          Plaintiff,            )
                                )
     v.                         )     Civil Action No.
                                )     21-10692-NMG
PHH Mortgage Corporation, et    )
al.,                            )
                                )
          Defendant.            )
                                )
_____)
```

**MEMORANDUM & ORDER**

GORTON, J.

Plaintiff Lakeatha Lanier ("Lanier" or "plaintiff") brings this action against PHH Mortgage Corporation ("PHH") and U.S. Bank National Association ("U.S. Bank") (collectively, with PHH, "defendants") seeking judgment to forestall foreclosure proceedings with respect to property located at 42 Plain Avenue in Stoughton, Massachusetts ("the Property"). Lanier argues that defendants have failed to comply with the terms of her mortgage on the Property and the requirements of Massachusetts law.

In August 2022, the Court allowed the motion for summary judgment of defendants (Docket No. 37) and dismissed the case. In July, 2024, the First Circuit Court of Appeals ("the First Circuit") vacated that decision and remanded the case back to this Court for further proceedings (Docket No. 58). The First

-1-

Circuit directed this Court "to consider in the first instance the gating question whether Plaintiff-Appellant's claims are ripe." The Court now does so and finds that the claims at issue in this case are not ripe for review.

## I. Background

Lanier is a Massachusetts resident who lives at the Property. In 2006, Lanier executed a promissory note ("the Note") in the amount of $388,000 to secure a mortgage on the Property ("the Mortgage"). Paragraph 22 of the Mortgage ("Paragraph 22") sets forth the procedural requirements for acceleration, including notice, in the case of default.

Lanier has failed to make any payment on her mortgage since November, 2015.

In December, 2018, PHH, the loan servicer for U.S. Bank, sent Lanier a notice on behalf of U.S. Bank entitled "90-Day Right to Cure Your Mortgage Default." That communication stated, in part, that Lanier was required to pay the past-due amount of $72,369 on or before March 24, 2019, and listed each of the loan payments that Lanier had failed to make.

In October, 2019, PHH's foreclosure counsel, Orlans P.C. ("Orlans"), sent Lanier another notice informing her that Orlans had been retained to represent PHH. The communication advised Lanier that her Loan was in default and had been accelerated, though it is not clear from the record whether it was the first

-2-

document informing Lanier of such acceleration.  Attached to the communication was a document entitled, "Notice of Debt Pursuant to 15 U.S.C. § 1692," which listed the total amount owed as $831,952.

In March, 2021, plaintiff filed a complaint against defendants in Massachusetts Superior Court for Norfolk County asserting that the notices described supra failed to comply strictly with the terms of her Mortgage and Massachusetts law. Lanier seeks damages, in addition to declaratory judgment that, inter alia, any subsequent foreclosure on the Property is null and void.  Defendants timely invoked diversity jurisdiction and removed the case to this Court.

In October, 2025, after remand from the First Circuit, defendants filed a renewed motion for summary judgment (Docket No. 64).  They claim to have provided plaintiff with a new notice of default in August, 2024, that cures the prior deficiencies such that judgment should be entered in their favor.  Plaintiff agrees that the original deficiencies may have been cured but asserts that the new notice still fails to comply with the terms of the Mortgage.

Despite those notices, Lanier has made no payments and no foreclosure sale has been conducted to date.

-3-

## II. Ripeness

### A. Legal Standard

The District Court must consider the issue of subject matter jurisdiction regardless of whether the issue has been raised, or is stipulated to, by the parties. Am. Policyholders Ins. Co. v. Nyacol Prods., Inc., 989 F.2d 1256, 1258-59 (1st Cir. 1993). If the Court finds that it lacks subject matter jurisdiction at any point before final judgment, it must remand the case to state court. 28 U.S.C. §1447(c). Remand is therefore appropriate if the Court finds that it lacks Article III jurisdiction, even if statutory requirements for removal are otherwise met. See Plazzi v. FedEx Ground Package Sys., Inc., 52 F.4th 1, 7 (1st Cir. 2022); Maine Ass'n of Interdependent Neighborhoods v. Comm'r, Maine Dep't of Hum. Servs., 876 F.2d 1051, 1054 (1st Cir. 1989).

The doctrine of ripeness is one of subject matter jurisdiction. Bos. All. of Gay, Lesbian, Bisexual & Transgender Youth v. United States Dep't of Health & Hum. Servs., 557 F. Supp. 3d 224, 235 (D. Mass. 2021). Under Article III of the United States Constitution, federal courts cannot decide a claim that is not ripe for review. Barnstable Cnty. v. 3M Co., No. CV 17-40002, 2017 WL 6452245, at *6 (D. Mass. Dec. 18, 2017). A claim is ripe only if the plaintiff can show that 1) the issues raised are fit for judicial decision at the time the suit is

-4-

filed and 2) plaintiff will suffer hardship if court consideration is withheld. Lab. Rels. Div. of Constr. Indus. of Massachusetts, Inc. v. Healey, 844 F.3d 318, 326 (1st Cir. 2016).

### B. Application

The Court finds that the issues in this case are not ripe for review. At the time the complaint was filed, plaintiff alleges only that defendants had provided her with two separate notices purporting to state compliance with Paragraph 22. She claims that such notices failed to provide her with a proper notice of default prior to exercising the power of sale, rendering any acceleration, foreclosure or sale invalid. She does not allege that any foreclosure sale had been scheduled.

The parties both contend that, despite there being no action taken toward foreclosure, the claim is fit for judicial review. Defendants assert that plaintiff has admitted she cannot cure her default and that foreclosure is therefore imminent. Nevertheless, defendants have taken no affirmative steps toward a foreclosure sale and cannot claim such a sale is imminent.

Plaintiff declares that the October, 2019, notice accelerated the mortgage without complying with Paragraph 22, creating a breach of contract claim even in the absence of a

foreclosure sale.  While that was alleged in the complaint, the Court found that, upon further factual development,

> [t]here is no evidence to suggest that the [October, 2019,] letter was an acceleration notice pursuant to paragraph 22 of the Mortgage.

Docket No. 53 at 7.  Accordingly, there had been no acceleration of the mortgage or foreclosure sale at the time the complaint was filed, nor were any of those events imminent.  Any opinion of this Court as to the effect of a future action would be impermissibly advisory. Matthews v. Marsh, 755 F.2d 182, 184 (1st Cir. 1985).

The Court notes that defendants filed a renewed motion for summary judgment in November, 2025, in which they claim to have provided plaintiff with an adequate notice of default.  Indeed, plaintiff agrees that such notice cures the deficiencies originally complained of but counters that it still does not strictly comply with the terms of the mortgage.  Nevertheless, the fitness prong of the ripeness inquiry relates to whether the claim was suitable for judicial review "at the time the suit was filed." Lab. Rels., 844 F.3d at 326.  Even if the Court were to consider those new facts, the case would remain unripe absent acceleration of the mortgage or a scheduled foreclosure sale.

The Court next considers the potential hardship if the Court withholds adjudication.  Because this case appears in

-6-

federal court by way of removal, the correct course of action upon determining a lack of subject matter jurisdiction is to remand for further proceedings in state court. Plazzi, 52 F.4th at 7.  The state court may be able to adjudicate claims that are barred in this Court by the confines of Article III, and, although the federal litigation has been wearisome thus far, the record is now sufficiently developed that further litigation may be relatively expeditious.

**ORDER**

For the forgoing reasons, the case is **REMANDED** to state court for further proceedings.

**So ordered.**

_____
Nathaniel M. Gorton
Senior United States District Judge

Dated: June 11, 2026